**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**SHAWN M. RICE,**

**Plaintiff,**

**v.**                                                          **Civil Action No. 3:21-CV-36
(GROH)**

**UNITED STATES OF AMERICA,**

**Defendants.**

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR PRELIMINARY
<u>INJUNCTION OR TEMPORARY RESTRAINING ORDER</u>**

**I.      INTRODUCTION**

On March 8, 2021, the *pro se* Plaintiff, a federal inmate who is incarcerated at Hazelton USP in Bruceton Mills, West Virginia, filed a complaint pursuant to the Federal Tort Claims Act (FTCA).   ECF No. 1.   On July 15, 2021, Plaintiff filed a motion for injunctive relief which asserts that Plaintiff has been denied access to the to Courts, through a denial of access to the institutional law library.  ECF No. 25.  As relief, Plaintiff requests that the Court order Hazelton staff "to stop retaliating against" him and permit him access to the law library.[1]  ECF No. 25.

On July 19, 2021, the Defendants filed a motion to dismiss or in the alternative for summary judgment as to the Plaintiff's complaint.  ECF No. 26.  The Court issued an Order and Roseboro notice on July 20, 2021.  ECF No. 28.

---

[1]  In his motion, Plaintiff asserts that he filed a "motion to be afforded access to the Court" on May 30, 2021, however, no such pleading appears in the docket of this case.  ECF No. 25 at 2.  Additionally, Plaintiff sent the Clerk a letter which was received on July 14, 2021, which also refers to a "motion to be afforded access to the Court", however, no such motion was included with that letter, or received by the Clerk.  ECF No. 24.

## II.   LEGAL STANDARD

### A.   Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[2]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

## B.    Requests for Injunctive Relief

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard." International Refugee Assistance Project v. Trump, 883 F.3d 233, 255 – 56 (4th Cir. 2018), as amended (Feb. 28, 2018). The standard for granting injunctive relief was articulated by the United States Supreme Court which held in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial."  A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)).   This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo.  See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the

situation demands such relief").

**C.    Federal Tort Claims Act Case**

The Supreme Court summarized both the procedural history of the Federal Tort Claims Act (FTCA), and the elements of a successful FTCA claim in <u>Brownback v. King</u>, 141 S. Ct. 740, 746, 209 L. Ed. 2d 33 (2021):

> In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment.  The Act in effect ended the private bill system by transferring most tort claims to the federal courts. Plaintiffs were (and are) required to bring claims under the FTCA in federal district court. Federal courts have jurisdiction over these claims if they are actionable under § 1346(b).  A claim is actionable if it alleges the six elements of § 1346(b), which are that the claim be:
>
> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

(Internal quotations and citations omitted).

### III.    ANALYSIS

Pursuant to Plaintiff's pleadings, he has been denied access to the institutional law library, which he contends has denied him access to the Courts.  ECF No. 25.  Plaintiff claims that he was placed in the Special Housing Unit (SHU) on May 3, 2021, on a "trumped up incident report", which he asserts was a retaliatory tactic, after the Court ordered [ECF No. 12] the Defendants to answer or otherwise plead on April 14, 2021. ECF No. 25 at 1 – 2.

Although Plaintiff alleges that he has been denied access to the Courts starting on May 3, 2021, he does not meet the four-part <u>Winter</u> test for issuance of a preliminary injunction.  First, Plaintiff has not shown he is likely to succeed on the merits in regard to his FTCA claim.  In fact, he fails to provide any evidence to support this prong of the <u>Winter</u> test.  Although Plaintiff asserts that he has been denied access to the Courts since he was placed in the Special Housing Unit by officers who are the subject of this FTCA claim, this does not address the merits of his FTCA claim.  Further, Defendants did not file their motion to dismiss or for summary judgment until July 19, 2021, four days after Plaintiff filed his motion seeking an injunction.  ECF Nos. 25, 26.

Second, Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief.  Plaintiff's claim that he was denied access to the Courts appears to be unfounded, but even if such an assertion were true, it appears to the Court that such a claim is premature.  Despite contending that he had been denied access to the law library since May 3, 2021, no responsive pleadings or dispositive motions were filed by the Defendants until July 19, 2021, four days after Plaintiff filed his motion for injunctive relief.  Additionally, Plaintiff has not provided an affidavit or a verified complaint to this Court which includes specific facts that show that immediate and irreparable injury, loss, or damage will result to him before the Plaintiff can be heard in opposition.  Further, Plaintiff's assertion that he has been denied access to the Courts does not square with the fact that at the time he filed his motion for an injunction, Plaintiff had suffered no harm.

Further, it appears that instead of a request for an injunction, Plaintiff could request an extension of time to respond to Defendants' subsequently filed dispositive motion.

Accordingly, it appears to the Court that other than his broad claims, that Plaintiff has failed to submit any evidence which demonstrate a need for a temporary restraining order or preliminary injunction, and has failed to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief.   Thus, Plaintiff has failed to demonstrate that he meets the second prong of the <u>Winter</u> test.

Because Plaintiff is unable to meet either of the first two prongs of the Winter test, the Court need not consider the third or fourth prongs.  Further, because Plaintiff is unable to meet all four parts of the <u>Winter</u> test for issuance of an injunction, his motion for an injunction filed on July 19, 2021, is not merited.  Moreover, to the extent that Plaintiff's motion seeks to mandate action by the Defendants, Plaintiff has failed to demonstrate that he is entitled to extraordinary relief because he has failed to demonstrate that the exigencies of the situation demand such relief.

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the request for injunction relief filed on July 15, 2021 [ECF No. 25] be **DENIED.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:      July 21, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

7